[Cite as *Zhang v. Zheng*, 2025-Ohio-1428.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| QINGYU ZHANG, | : | APPEAL NO. C-240430 |
| | | TRIAL NO. A-2104403 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N* |
| YUN ZHENG, | : | |
| and | : | |
| 2000 WEST STREET, LLC, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 23, 2025

*Taft Stettinius & Hollister LLP, Nicholas J. Pieczonka* and *Spencer S. Cowan,* for Plaintiff-Appellant,

*Frost Brown Todd LLP, Kevin R. Carter* and *Nathaniel L. Truitt,* for Defendant-Appellee Yun Zheng,

*Reardon & Chasar, LPA, Matthew R. Chasar* and *Joseph M. Sprafka,* for Defendant-Appellee 2000 West Street, LLC.

**BOCK, Judge.**

**{¶1}** Plaintiff-appellant Qingyu Zhang ("Qingyu") filed suit against defendants-appellees Yun Zheng ("Veronica") and 2000 West Street, LLC, ("2000 West") for fraud in the execution of an amendment to 2000 West's operating agreement. Because Qingyu cannot show fraud, we affirm the trial court's grant of summary judgment in favor of Veronica and 2000 West.

## I. *Factual and Procedural History*

**{¶2}** Qingyu is a 79-year-old Chinese immigrant who does not speak, read, or write English. Veronica speaks English. The parties were friends and went into business together.

**{¶3}** In 2017, Qingyu, Veronica, and another business partner, Jennifer Liu, formed 2000 West, which is a real estate holding company that owns and rents out a warehouse in Reading, Ohio. It collects rent, pays expenses, and distributes profits to the members. New Diamond Trucking, a company owned by Qingyu, leased the warehouse.

**{¶4}** Veronica alleged that she loaned Qingyu $500,000 and, as collateral for the loan, Qingyu pledged all his shares—50 percent of the total shares—in 2000 West. Qingyu testified in his deposition that Veronica did not loan him money. Instead, according to Qingyu, Veronica intended to invest in his trucking company. The checks written by Veronica totaling $500,000 were made payable to Qingyu's trucking company. Veronica, however, testified that Qingyu wanted the loan money deposited into his company's account and the money was intended as a loan, not an investment. The record contains a promissory note signed by Qingyu.

**{¶5}** In 2019, Qingyu signed an amendment to the 2000 West Limited Liability Company Agreement ("2019 Amendment"). In the 2019 Amendment, Qingyu transferred his 50 percent ownership in 2000 West to Veronica. The document, which

Qingyu admits he signed, certifies that Qingyu understands its English and Chinese translations. Qingyu would later assert that Veronica and her husband ("Sean") procured his signature on the 2019 Amendment by fraud, telling him that the document was a 2000 West tax document.

**{¶6}** Apparently, 2000 West's land and building increased in value. Veronica asserted that Qingyu and his son wanted to buy the property at a below-market value, which she declined.

**{¶7}** In 2020, Qingyu signed an affidavit ("2020 Affidavit") as part of an unrelated lawsuit between Veronica and Liu. In the 2020 Affidavit, which Qingyu signed in front of a California notary public, he stated that in 2019, "I arranged to transfer to [Veronica] all of my ownership interests in 2000 West Street LLC. At the time I negotiated this arrangement with [Veronica], [Veronica] held 30 percent of the ownership interests in 2000 West Street LLC." The 2020 Affidavit continued, "Attached to this affidavit as Exhibit 1 is a copy of a document titled 'Amendment No. 1 to the Limited Liability Company Agreement of 2000 West Street, LLC to Effect Transfer of Membership Interest.' The second page of that document contains a true and accurate copy of my signature. I signed the document on October 1, 2019."

**{¶8}** The 2020 Affidavit released "recovery of any amounts of the other members" of 2000 West "as a result of any transaction involving my ownership interests" in 2000 West. It purported to "release any claims I may have against the other members of" 2000 West "that arise out of my involvement with" 2000 West.

**{¶9}** In December 2021, Qingyu sued Veronica and 2000 West, asserting two causes of action: (1) fraud in the execution of the 2019 Amendment and (2) for a declaratory judgment that the 2019 Amendment is void. Qingyu asserted that the 2019 Amendment was procured by fraud because Veronica and Sean told him it was a tax

document, taking advantage of his inability to read, write, or speak English. Qingyu wanted the 2019 Amendment declared void for fraud so that he could regain his interest in 2000 West.

**{¶10}** Veronica asserted as a defense the 2020 Affidavit, which contains the release. In his deposition, Qingyu could not remember what Veronica had told him about the contents of the 2020 Affidavit. He could not identify any misrepresentations made about it, had not been forced to sign the 2020 Affidavit, and had not signed it under duress. He acknowledged that he had a responsibility to learn what was in the 2020 Affidavit before he signed it.

**{¶11}** Veronica asserted counterclaims against Qingyu and his son, who was involved in Qingyu's business, negotiating and carrying out business on his father's behalf. Veronica later dismissed the claims against Qingyu's son.

**{¶12}** Veronica and 2000 West moved for summary judgment on Qingyu's claims, which the trial court granted. The trial court stated at the summary-judgment hearing that Qingyu could not identify any fraud in the execution of the 2020 Affidavit, and since the 2020 Affidavit affirmed the contents of the 2019 Amendment, Qingyu's testimony demonstrated that he could not prove fraud. The court stated that the 2020 Affidavit confirmed that there was no fraud or misrepresentation in the execution of the 2019 Amendment.

**{¶13}** Qingyu appealed.

## II. Analysis

**{¶14}** Qingyu's sole assignment of error asserts that the trial court erred by granting summary judgment because factual disputes remained "about the enforceability of the Affidavit and Amendment." This court reviews summary judgment orders de novo. *Carr v. Edn. Theatre Assn.*, 2023-Ohio-1681, ¶ 9 (1st Dist.);

*City of Sharonville v. Am. Emp. Ins. Co.*, 2006-Ohio-2180, ¶ 5. Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmovant, no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come only to a conclusion that is adverse to the nonmoving party. *Carr* at ¶ 9; Civ.R. 56(C).

{¶15} Following a review of the record, we hold that under the circumstances, Qingyu cannot show fraud because the 2020 Affidavit confirms the 2019 Amendment, and he cannot show that the 2020 Affidavit was procured by any fraud or misrepresentation. Qingyu testified that he could not recall any misrepresentations made about the 2020 Affidavit, he did not sign it under duress, and he was not forced to sign it.

{¶16} Moreover, Qingyu had time to reflect before signing the 2020 Affidavit. The day before Qingyu signed the 2020 Affidavit, Qingyu's son confirmed to Veronica's husband that his father would go to a notary the next day to sign the affidavit. That same day, Qingyu's wife left a voicemail message for Veronica to say that Qingyu would be available to sign the 2020 Affidavit anytime on the next day.

{¶17} The 2020 Affidavit, which confirms the contents of the 2019 Amendment, proves that Qingyu was not defrauded as to the contents of the 2019 Amendment or the transfer of his 50 percent interest in 2000 West.

{¶18} We overrule the assignment of error.

### III.    Conclusion

{¶19} We affirm the trial court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.